**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                              Case No. 3:15-cr-53-TJC-JBT

HERMENEGILDO NEVAREZ CAMPA

_____/

## ORDER

Defendant Hermenegildo Nevarez Campa pled guilty to one count of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2). He is serving a 125-month term of imprisonment under a judgment of conviction and sentence entered on June 5, 2017. (Doc. 66, Judgment). Defendant did not file a direct appeal, but he filed a motion to vacate sentence under 28 U.S.C. § 2255, which the Court denied on the merits more than a year ago. (Doc. 75, Order Denying § 2255 Motion; see also Campa v. United States, No. 3:17-cv-1264-TJC-JBT (M.D. Fla.)).[1]

This cause is before the Court on Defendant's Motion for Relief Under Federal Rule of Civil Procedure 60(b)(3), (4), and (6), which he filed pro se on

---

[1]     In the § 2255 Motion, Defendant raised four grounds for relief: (1) counsel failed to advise or consult Defendant about his right to an appeal; (2) counsel failed to pursue a sentence reduction for substantial assistance under Federal Rule of Criminal Procedure 35(b); (3) counsel gave ineffective assistance at sentencing by failing to apprise the Court of Defendant's efforts to cooperate with the government; and (4) the Court failed to weigh the sentencing factors under 18 U.S.C. § 3553(a) before it imposed sentence.

January 23, 2022. (Doc. 77, Motion). Relying on Rule 60(b) of the Federal Rules of Civil Procedure ("Rule(s)"), Defendant seeks to set aside the judgment of conviction and sentence that was entered on June 5, 2017. Defendant argues: (1) the indictment is invalid because a grand jury did not return a true bill in open court; (2) an FBI agent, the prosecutor, and defense counsel misled Defendant into accepting a plea agreement because they falsely led him to believe he would work for the FBI as an informant; (3) the indictment failed to allege that Defendant knew his conduct affected interstate commerce; (4) the Court lacked jurisdiction because the indictment failed to allege an offense against the United States; and (5) the indictment alleged only an innocent mistake and failed to apprise Defendant of the charges against him.

The United States filed a response in opposition. (Doc. 79, Response). The United States argues that the Court lacks jurisdiction to grant relief because the Rule 60(b) Motion is, in substance, an unauthorized second or successive motion to vacate sentence under 28 U.S.C. § 2255.

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six reasons, including, as alleged here:

> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)    the judgment is void;
>            …

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is a rule of <u>civil</u> procedure, and as such, "Rule 60(b) simply does not provide for relief from judgment in a criminal case." <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998); <u>see also</u> Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a <u>civil</u> nature…." (emphasis added)). Therefore, Defendant cannot use Rule 60(b) to seek relief from his conviction and sentence.

However, the Court construes Defendant's Motion liberally because he is proceeding <u>pro</u> <u>se</u>. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a <u>pro</u> <u>se</u> inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." <u>Gooden v. United States</u>, 627 F.3d 846, 847 (11th Cir. 2010) (internal quotation marks and citation omitted). Defendant argues that, due to defects in the indictment and other issues, his conviction and sentence are unlawful and the Court lacked jurisdiction over the charges against him. <u>See generally</u> Motion. Thus, the Motion is properly construed as one brought under § 2255 because he is "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence …." 28 U.S.C. § 2255(a).

Even though Defendant labels his Motion as one under Rule 60(b), it is in substance a second or successive § 2255 motion. Defendant previously attacked the criminal judgment by filing a § 2255 motion, which this Court denied on the merits in January 2021. (Doc. 75). In October 2021, Defendant's § 2255 appeal was dismissed because he did not file a timely notice of appeal. (See Campa v. United States, No. 3:17-cv-1264-TJC-JBT, Dkt. Entry 21, USCA Order Dismissing Appeal). In the current Motion, Defendant does not attack "some defect in the integrity of the [prior] federal habeas proceedings" or allege "that a previous ruling which precluded a merits determination was in error." Gonzalez v. Crosby, 545 U.S. 524, 532 & n.4 (2005). Instead, Defendant "seeks to add ... new ground[s] for relief" from the conviction and sentence themselves. Id. at 532. As the Supreme Court concluded in Gonzalez, a Rule 60(b) motion which, despite its label, seeks to advance one or more substantive claims following the denial of a previous habeas petition is properly classified as a second or successive petition. Id. at 530–32. "Using Rule 60(b) to present new claims for relief from a ... judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." Id. at 531 (citing 28 U.S.C. § 2244(b)(2)); see Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (extending Gonzalez's reasoning to federal prisoners who use Rule 60(b) to circumvent

restrictions on second or successive § 2255 motions), <u>abrogated on other grounds by</u> <u>McCarthan v. Director of Goodwill Indus.–Suncoast, Inc.</u>, 851 F.3d 1076 (11th Cir. 2017) (en banc). Thus, Defendant's current Rule 60(b) Motion is, in substance, a second or successive § 2255 motion.

Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…." 28 U.S.C. § 2255(h). Section 2244 provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." <u>Id.</u>, § 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003). Because the Eleventh Circuit has not authorized Defendant to file a second or successive motion to vacate, the Court lacks jurisdiction over the current Motion.

Accordingly, it is hereby **ORDERED:**

1. Defendant Hermenegildo Nevarez Campa's Motion for Relief Under Federal Rule of Civil Procedure 60(b)(3), (4), and (6) (Doc. 77), construed

as a second or successive motion to vacate under 28 U.S.C. § 2255, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The Clerk will send Defendant the form to apply to the Eleventh Circuit Court of Appeals for leave to file a second or successive motion to vacate.

    **DONE AND ORDERED** at Jacksonville, Florida this 1st day of April, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

<u>Copies:</u>
Pro se defendant
Counsel of record